## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THIRD COAST PRODUCTS, LLC d/b/a ILUMEN8, a Colorado company,<br><br>　　　　　　Defendant. | )<br>)<br>)　Case No. 19-cv-276<br>)<br>)<br>)<br>)<br>)<br>)　**DEMAND FOR JURY TRIAL**<br>)<br>)<br>) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Third Coast Products, LLC d/b/a iLumen8 ("Defendant") and alleges as follows:

## I.  JURISDICTION AND VENUE

1.　　This Court has original subject matter jurisdiction over the claim in this action pursuant to 35 U.S.C. §§ 271 and 281, as this claim arises under the laws of the United States.

2.　　Oakley is informed and believes, and thereon alleges that this Court has personal jurisdiction over Defendant because Defendant has a regular and established place of business located within this judicial district.  Further, Defendant has a continuous, systematic, and substantial presence within this judicial district, including by offering for sale and/or selling infringing products in this judicial district. These acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3.　　Oakley is informed and believes, and, based thereon, alleges that venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Defendant has committed acts of

infringement by offering to sell and/or selling products that infringe Oakley's patents in this judicial district and Defendant has a regular and established place of business in this district.

## II. THE PARTIES

4.      Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5.      Oakley is informed and believes, and, based thereon, alleges that Defendant is a company organized and existing under the laws of the State of Colorado, having its principal place of business at 4522 W. Menard Ave. Chicago, IL 60630.

## III. GENERAL ALLEGATIONS

6.      Oakley is one of the world's most iconic brands.  The company and its products, particularly in the realm of eyewear, are instantly and universally recognized for their innovative technology and distinctive style.  Since its founding, Oakley's engineers and designers have worked continuously to bring new technology and breakthrough designs to the market.

7.      Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985.  Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

8.      On May 8, 2012, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D659,180 (the "D180 Patent"), titled "Eyeglass."  Oakley is the owner by assignment of all right, title, and interest in the D180 Patent.  A true and correct copy of the D180 Patent is attached hereto as **Exhibit 1**.

9.     Oakley is informed and believes, and, based thereon, alleges that Defendant makes, uses, sells, offers for sale, and/or imports into the United States eyewear that infringe the D180 Patent, for example eyewear bearing the design of iLumen8 UV Safety Glasses shown below:



10.     Defendant sells and offers to sell its infringing products through retailers including, for example, amazon.com, bonanza.com, and bestcampkitchen.com.

11.     Oakley is informed and believes, and based thereon, alleges that Defendant's acts complained of herein are willful and deliberate.

### IV.  FIRST CLAIM FOR RELIEF
(Patent Infringement)
(35 U.S.C. § 271)

12.     Oakley repeats and re-alleges the allegations of paragraphs 1-11.

13.     This is a claim for patent infringement under 35 U.S.C. § 271.

14.     Defendant, through its agents, employees and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D180 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to

be substantially similar to the claim of the D180 Patent, for example, Defendant's iLumen8 UV Safety Glasses, as shown below.

| iLumen8 UV Safety Glasses | Oakley's D180 Patent |
|---|---|
|  | |

15.    Defendant's acts of infringement of the D180 Patent were undertaken without permission or license from Oakley.  Oakley is informed and believes, and, based thereon, alleges that Defendant had actual knowledge of Oakley's rights in the design claimed in the D180 Patent.

16.    Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's iLumen8 UV Safety Glasses are a nearly identical copy of Oakley's patented design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D180 Patent.  Defendant infringed the D180 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D180 Patent.  Defendant's acts of infringement of the D180 Patent were not consistent with the standards of commerce for its industry.

17.    As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Oakley.

18.     Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interest and costs as fixed by this Court.

19.     Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

20.     Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from Defendant's infringement of the D180 Patent.

21.     Due to the aforesaid infringing acts constituting patent infringement, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

22.     Defendant will continue to infringe Oakley's patent rights to the great and irreparable injury of Oakley, unless and until enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendant for the following relief:

A.     An Order adjudging Defendant to have infringed the D180 Patent under 35 U.S.C. § 271;

B.     A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, customers, and attorneys, and those persons in active concert or participation with Defendant, from infringing the D180 Patent in violation of 35 U.S.C. § 271, including, for example, through the manufacture, use, sale, offer for sale, and/or importation into the United States of Defendant's iLumen8 UV Safety Glasses, and any products that are not colorably different from these products;

C.     That Defendant account for all gains, profits, and advantages derived through Defendant's infringement of the D180 Patent in violation of 35 U.S.C. § 271, and that Defendant

pay to Oakley all damages suffered by Oakley and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

D.      An Order adjudging that this is an exceptional case;

E.      An Order that Defendant's infringement is willful and a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

F.      An award to Oakley of the attorneys' fees, expenses, and costs incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

G.      An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

H.      Such other and further relief as this Court may deem just and proper.

Dated: January 14, 2019

/s/ Joel M. Wallace
M. Neil Lloyd
Joel M. Wallace
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Phone: (312) 258-5500
Fax: (312) 258-5600
nlloyd@schiffhardin.com
jwallace@schiffhardin.com

Michael K. Friedland
Lauren Keller Katzenellenbogen
James F. Smith
KNOBBE, MARTENS, OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502
michael.friedland@knobbe.com
lauren.katzenellenbogen@knobbe.com
james.smith@knobbe.com

*Attorneys for Plaintiff Oakley, Inc.*

## DEMAND FOR JURY TRIAL

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Dated: January 14, 2019

/s/ Joel M. Wallace
M. Neil Lloyd
Joel M. Wallace
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Phone: (312) 258-5500
Fax: (312) 258-5600
nlloyd@schiffhardin.com
jwallace@schiffhardin.com

Michael K. Friedland
Lauren Keller Katzenellenbogen
James F. Smith
KNOBBE, MARTENS, OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502
michael.friedland@knobbe.com
lauren.katzenellenbogen@knobbe.com
james.smith@knobbe.com

*Attorneys for Plaintiff Oakley, Inc.*